## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH WALLACE : <br> Plaintiff : <br> V. : <br> : <br> WALGREEN EASTERN CO., INC. : <br>   and : <br> RDL PARK LANE PARTNERS, LLC : <br> Defendants. : <br> : | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

To:  Deborah Wallace  
Through her attorney of record  
Joseph Z. Swist, Esquire  
MORGAN & MORGAN, PLLC  
One Commerce Square  
2005 Market Street, Suite 350  
Philadelphia, PA 19103  

Prothonotary  
Court of Common Pleas  
Philadelphia County  
City Hall  
Philadelphia, PA 19107  

PLEASE TAKE NOTICE that in the lawsuit *Deborah Wallace v. Walgreen Eastern Co., Inc., et. al.,* January Term 2026, Docket No. 02500, in the Court of Common Pleas of Philadelphia County, Pennsylvania, has filed a Notice of Removal of said action to the United States District Court for the Eastern District of Pennsylvania, on the ____th day of _____, 2026.

Respectfully submitted,

_____  
DANIEL D. KREBBS, ESQUIRE  
*Attorney for Defendants*

Date: March 6, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH WALLACE | : | |
|           Plaintiff | : | |
| V. | : | CIVIL ACTION NO. |
| | : | |
| WALGREEN EASTERN CO., INC. | : | |
|     and | : | |
| RDL PARK LANE PARTNERS, LLC | : | |
|           Defendants. | : | |
| | : | |

**PETITION FOR REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, Walgreen Eastern Co., Inc., ("Walgreens") and RDL Park Lane Partners, LLC, ("RDL") by and through their counsel, Marshall Dennehey, P.C., bring this Petition for Removal of the above matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania and in support thereof, state the following:

1. On January 20, 2026, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia county, January Term 2026, No. 02500. (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

2. Plaintiff served the Complaint via certified mail on Defendant RDL on or about February 17, 2026.

3. In the Complaint, Plaintiff alleges that on May 6, 2025, she was involved in a trip and fall accident at the Walgreens located at 494 Nutt Road in Phoenixville, Montgomery County, Pennsylvania. (Exhibit "A" ¶¶ 6, 10-12).

4. As alleged in the Complaint, Plaintiff is a citizen and resident of Phoenixville, Pennsylvania. (Exhibit "A", ¶ 1).

5. In the Complaint, Plaintiff avers incorrectly that Walgreens Eastern Co. is a New Jersey corporation with a registered office located at 1502 Union Valley Road in West Milford, NJ. (Exhibit "A", ¶ 2).

6. Walgreen Eastern Co., Inc. , is now and at the time of commencement of this action a New York corporation with a principal place of business located at 200 Wilmot Road in Deerfield, Illinois.

7. In the Complaint, Plaintiff avers incorrectly that RDL is a Pennsylvania corporation with a registered office located at 494 Nutt Road in Phoenixville, Pennsylvania. (Exhibit "A", ¶ 3).

8. RDL is a California limited liability company with a registered office located at 652 Park Lane in Montecito, California.

9. The sole member of RDL is The Lewis Gates Living Trust, located in California.

10. Pursuant to 28 U.S.C. §1332(a), the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; and (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties.

11. In order to remove a lawsuit filed in a State Court to a Federal District Court, a Defendant must file a Notice of Removal within 30 days of the date a Plaintiff serves the Defendant with a copy of the original pleading or Complaint. 28 U.S.C. § 1446(b); *Delalla v. Hanover Ins.*, 660 F.3d 180, 182 (3d Cir. 2011) (quotations omitted).

12. Additionally, all Defendants who may properly join in the removal petition must do so. *Glenmede Trust Co. v. Dow Chemical Co.*, 384 F. Supp. 423 (E.D.Pa. 1974). However, there are some exceptions to this general unanimity rule. *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D.Pa. 1994).

13. Plaintiff served RDL with the Complaint via certified mail on or about February 17, 2026, and accordingly, the instant removal is timely as it is within the thirty (30) day time limit.

14. In the Complaint, Plaintiff alleges to have sustained the following injuries and damages as a result of this accident: right greater tuberosity and glenoid fracture following a shoulder dislocation; torn tendon; bilateral knee pain; bilateral hip pain; bilateral shin bruising and abrasions; bilateral hand bruising and abrasions; exacerbation of right shoulder pain and limitations; exacerbation of lumbar pain; exacerbation of back pain; lumbar radiculopathy; anticipated future surgical repair(s); anticipated injections; need for physical rehabilitation; past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith; diminished quality of life; lost wages; past and future inability to engage in activities of daily living; and, past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, disfigurement, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living and emotional distress. (Exhibit "A", ¶ 23 a-r).

15. Jurisdiction is proper with the United States District Court for the Eastern District of Pennsylvania as there is diversity of citizenship between the parties and the above allegations establish that the matter in controversy exceeds the sum of $75,000.00. See, 28 U.S.C. §1332 (a), 1441 (a).

16. Pursuant to 28 U.S.C. §1446 (b), this Petition for Removal has been filed timely, that is, within thirty (30) days of receipt of the Complaint by RDL.

**WHEREFORE**, Defendants, Walgreen Eastern Co., Inc. and RDL Park Lane Partners, LLC, respectfully request that this Honorable Court grant their Petition for Removal.

Respectfully submitted,

BY: _____
DANIEL D. KREBBS, ESQUIRE
*Attorney for Defendants.*

*Date:* March 6, 2026

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    501 Mason Street, Phoenixville, PA 19460

Address of Defendant    200 Wilmot Road, Deerfiled, IL, and 652 Park Lane, Montecito, CA

Place of Accident, Incident or Transaction    494 Nutt Road in Phoenixville, PA 19460
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:
1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. X Other Personal Injury (Please specify) Premises liability
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _/s/ TW_ counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE    3/6/26    _/s/ TW_    72665
                 Attorney-at-Law    Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE    3/6/26    _/s/ TW_    72665
                 Attorney-at-Law    Attorney I.D. #

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    501 Mason Street, Phoenixville, PA 19460

Address of Defendant    200 Wilmot Road, Deerfield, IL and 652 Park Lane, Montecito, CA

Place of Accident, Incident or Transaction    494 Nutt Road, Phoenixville, PA 19460
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

*RELATED CASE, IF ANY:*
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases* |
|---|---|---|---|
| 1. ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ | Insurance Contract and Other Contracts |
| 2. ☐ | FELA | 2. ☐ | Airplane Personal Injury |
| 3. ☐ | Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. ☐ | Antitrust | 4. ☐ | Marine Personal Injury |
| 5. ☐ | Patent | 5. | Motor Vehicle Personal Injury |
| 6. ☐ | Labor-Management Relations | 6. X | Other Personal Injury (Please specify) Premises liability |
| 7. ☐ | Civil Rights | 7. ☐ | Products Liability |
| 8. ☐ | Habeas Corpus | 8. ☐ | Products Liability – Asbestos |
| 9. ☐ | Securities Act(s) Cases | 9. ☐ | All other Diversity Cases |
| 10. ☐ | Social Security Review Cases | | (Please specify) |
| 11. ☐ | All other Federal Question Cases (Please specify) | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _[signature]_ counsel of record do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE    3/6/26    _[signature]_    72665
                  Attorney-at-Law    Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE    3/6/26    _[signature]_    72665
                  Attorney-at-Law    Attorney I.D. #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEBORAH WALLACE<br>　　　　　　　　　　Plaintiff<br>V.<br><br>WALGREEN EASTERN CO., INC.<br>　　　and<br>RDL PARK LANE PARTNERS, LLC<br>　　　　　　　　　　Defendants. | : : : : : : : : : : | CIVIL ACTION NO. |

   In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks. (X)

| March 6, 2026 | Daniel D. Krebbs | Defendants |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-575-2793 | 215-575-0856 | ddkrebbs@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEBORAH WALLACE <br> Plaintiff <br> V. <br> WALGREEN EASTERN CO., INC. <br> and <br> RDL PARK LANE PARTNERS, LLC <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.     (X)

| 3/6/26 | Daniel D. Krebbs | Defendants |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| 215-575-2793 | 215-575-0856 | ddkrebbs@mdwcg.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH WALLACE : | |
| Plaintiff : | CIVIL ACTION NO. |
| V. : | |
| : | |
| WALGREEN EASTERN CO., INC. : | |
| and : | |
| RDL PARK LANE PARTNERS, LLC : | |
| Defendants. : | |

## DISCLOSURE STATEMENT FORM

Please check one box:

__X___         The nongovernmental corporate party, <u>Walgreen Eastern Co., Inc.</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_____         The nongovernmental corporate party,_____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

Date: 3/6/2026                         Counsel for:   *Defendant, Walgreen Eastern Co., Inc.*

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
   (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
      (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
      (2)   promptly file a supplemental statement upon any change in the information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH WALLACE : <br> Plaintiff : <br> V. : <br> : <br> WALGREEN EASTERN CO., INC. : <br> and : <br> RDL PARK LANE PARTNERS, LLC : <br> Defendants. : <br> : | CIVIL ACTION NO. |

**DISCLOSURE STATEMENT FORM**

Please check one box:

__X___        The nongovernmental corporate party, <u>Walgreen Eastern Co., Inc.</u>, in the  above listed civil action does not have any parent corporation and publicly held  corporation that owns 10% or more of its stock.

_____        The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____

Date: <u>03/6/2026</u>                    Counsel for:    *Defendant, Walgreen Eastern Co., Inc.*

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
    (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
        (2)    promptly file a supplemental statement upon any change in the information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH WALLACE | : | |
|       PLAINTIFF | : | CIVIL ACTION NO. |
| V. | : | |
| | : | |
| WALGREEN EASTERN CO., INC. | : | |
|     AND | : | |
| RDL PARK LANE PARTNERS, LLC | : | |
|       DEFENDANTS. | : | |
| | : | |

## **DISCLOSURE STATEMENT FORM**

Please check one box:

__X__   The nongovernmental corporate party, <u>RDL Park Lane Partners, LLC</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_____   The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:


_____
Date: 03/6/2026                                   Counsel for:   Defendant, RDL Park Lane Partners, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
    (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
        (2)   promptly file a supplemental statement upon any change in the information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH WALLACE | : | |
|                 PLAINTIFF | : | CIVIL ACTION NO. |
| V. | : | |
| | : | |
| WALGREEN EASTERN CO., INC. | : | |
|       AND | : | |
| RDL PARK LANE PARTNERS, LLC | : | |
|                DEFENDANTS. | : | |
| | : | |

**DISCLOSURE STATEMENT FORM**

Please check one box:

__X__    The nongovernmental corporate party, <u>RDL Park Lane Partners, LLC</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

_____    The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
Date: 03/6/2026                                   Counsel for:   Defendant, RDL Park Lane Partners, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
    (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
        (2)    promptly file a supplemental statement upon any change in the information that the statement requires.

COMMONWEALTH OF PENNSYLVANIA  :
                              SS
COUNTY OF PHILADELPHIA        :

## AFFIDAVIT

**DANIEL D. KREBBS, ESQUIRE**, being duly sworn according to law deposes and says that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information and belief.

_____
DANIEL D. KREBBS, ESQUIRE

SWORN TO AND SUBSCRIBED:

BEFORE ME THIS 6TH DAY:

OF March, 2026:

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Juanita G. Moore, Notary Public
Philadelphia County
My Commission Expires September 18, 2028
Commission Number 1115190

## **CERTIFICATE OF SERVICE**

I, Daniel D. Krebbs, Esquire do hereby certify that a true and correct copy of the Notice of Removal on behalf of *Defendant, Walgreen Eastern Co., Inc. et. al.,* was served upon the following persons via e-file:

Joseph Z. Swist, Esquire
MORGAN & MORGAN, PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103

BY: _____
DANIEL D. KREBBS, ESQUIRE
*Attorney for Defendant, Farhod Kosimov and Walgreen Eastern Co. .*

DATE:        March 6, 2026